### STEPHEN MOODY *vs.* THOMAS LEAVITT.

*A.* made a note payable to *B.*, or order, at a future day, and under the note an agreement was written and signed by *A.* and *B.*, that *A.* should do certain acts by such future day, which acts being done, *B.* to relinquish all claims upon the note ; and the paper containing the note and agreement was lodged in the hands of *C.*, who, in case *A.* failed to do the acts by the time stipulated, was to deliver the note to *B.*, and *A.* having failed to do the acts, *C.* separated the note from the agreement, and delivered it to *B.*, who transferred it by endorsement to *D.* ; held that an action might be maintained in the name of *D.*, the endorsee.
A promissory note accepted in satisfaction of a breach of covenants, is a bar to any future action on the covenants, although no release of such covenants be executed at the time of giving the note.

THIS was an action of assumpsit on a note dated February 28, 1816, for $428 57, payable to *David Fogg*, or order, on

Moody
vs.
Leavitt.

or before the 10th of March, 1819, with interest, and by *Fogg* endorsed to the plaintiff.

The cause was tried on the general issue, at the last September term, and a verdict found by consent for the plaintiff, subject to the opinion of the court on a statement of facts, agreed to by the parties, from which it appears, that the note in question was in fact made on the 16th September, 1818, and antedated by agreement of parties, and that under the note and on the same piece of paper, was written and signed by the original parties the following agreement, viz.

"Whereas the above named *Thomas Leavitt*, Esq. has sold "and conveyed to the above named *David Fogg*, the one-"seventh part of the estate of *Bracket Leavitt*, Esq. late of "Pittsfield, deceased, presuming he should be able to pro-"cure a license to confirm the same, and secure the said "*David* in the quiet and peaceable possession of said prem-"ises ; therefore, he the said *Thomas Leavitt* does hereby "covenant, agree, and engage to procure and obtain a license "to sell and convey the aforesaid property, so that he may "be able and fully empowered to secure and confirm the "aforesaid premises to him the said *David Fogg*, his heirs, "on or before the date at which the above note is payable ; "and on the said *Thomas'* performing the aforesaid agree-"ment, the said *David* does hereby agree and engage to re-"linquish all and any demand which he may have by the "tenor of said note."

That the note with the agreement was lodged in the hands of *Freese Dearborn*, who, at the time and in the presence of the parties, made the following memorandum, viz. "Sept. "16, 1818, the within lodged in my hands to lay 'till March "next, then the note to be given up to said *Fogg* on the "condition named in the within instrument, unless they agree "otherwise, or said *Leavitt* fulfils his engagement."

The note with the agreement lay in the hands of *Dearborn* until the 30th of March, 1819, when *Fogg* informed *Dearborn* that *Leavitt* had not complied with the conditions, and *Dearborn* gave up the note to *Fogg*, first tearing off the agreement at the bottom. Immediately after this, *Fogg*

transferred the note to the present plaintiff for a valuable consideration, having no knowledge of the agreement before mentioned.

That it was the intention of the parties that the note should bear date with the deed referred to, which is the 15th February, 1817; that the amount thereof is the purchase sum paid by *Fogg* for the land described in the deed, and that the deed contains the usual covenants of seisin; no license has been obtained for the sale of the land, and at the time of making the note declared on, no release was executed of the covenants in the deed.

*S. Moody,* counsel for the plaintiff.

*G. Sullivan,* for the defendant.

GREEN, J., delivered the opinion of the court.

It is contended on the part of the defendant that the note in question was not for the payment of money absolutely, but payable on a contingency, and therefore not transferable by endorsement.

This objection would deserve serious consideration, had the note with the agreement, at the time of the contract, passed into the hands of *Fogg*; it is by no means clear, that *Fogg* would, in that case, have been at liberty to separate the note from the agreement; but on this we give no opinion, the facts presenting a very different case. In this case the note and agreement were lodged in the hands of a third person, and taking into view that the agreement was not incorporated with the note, and considering the language of the memorandum made by the person with whom they were deposited, and the object they must have had in view in making the contract; we are well satisfied that it was the intention of the parties that the note should be separated from the agreement, in case *Leavitt* did not comply with the engagement on his part, and that it should be delivered *Fogg* as evidence of an absolute promise, to indemnify him for the amount advanced as the purchase sum for the land. The contingency then had relation, not to the performance of any contract, of which the note was evidence, but to the note becoming evidence of a contract to pay; if *Leavitt* per-

*Moody*
*vs.*
*Leavitt.*

formed his stipulations, it was not to be his note, otherwise it was to be delivered *Fogg* as evidence of an absolute promise to pay. If this was not the understanding of the parties, it is not easy to comprehend the reason why the papers were lodged in the hands of a third person. This note then stands on the same footing it would have done, if it had been made on the 10th of March, 1819, in pursuance of a contract between the parties made on the 16th of September, 1818, in which *Leavitt* had agreed to perfect the title to the land by the 10th of March, or give a negotiable note for the consideration he had received, and interest. This objection of course cannot avail the defendant.

It is also contended on the part of the defendant, that the note was given without consideration, the covenants in the deed not having been released.

On the delivery of the deed to *Fogg*, the covenants of seisin were broken, the grantor having no right to convey.

At the time of giving the note in question the defect in the title had been discovered by *Fogg*, and the obvious construction of the agreement between the parties is, that *Leavitt* should have till the 10th of March, 1819, to procure and make a good title to *Fogg*, and if he made such title by the time stipulated, it should be satisfaction for the breach of the covenants, and in case he did not, then the note was to be delivered *Fogg* in satisfaction of such breach. The note is for the precise sum paid by *Fogg* for the land, and would have been the measure of damages in an action on the covenants, and it is difficult to see what advantage to the defendant would be derived from defeating a recovery in this suit. There is no doubt that accepting the note in satisfaction, would be a bar to any future action on the covenants. Under this view of the agreement, there was a sufficient consideration for the note; this objection, therefore, does not prevail. 3 *East* 259, *Drake vs. Mitchel.*—2 D. & E. 479, *Foster vs. Allanson.*—Ditto 483, *Moravin vs. Levy.*

*Judgment on the verdict.*