## G. BARNS et a. *versus* J. W. LEARNED.

Where a tract of land was conveyed by deed with a covenant, that the grant-
or was seized, and a part of the land was not the land of the grantor, nor
understood by the parties to the deed to have been conveyed when the
deed was executed, but was *included in the deed by mistake*—in an action
of covenant broken, assigning as a breach of the covenant, that the grantor
was not seized of the parcel so included in the deed by mistake, it was
held, that the plaintiff was entitled only to nominal damages.

COVENANT BROKEN. The declaration alleged that the defendant by deed, dated August 20, 1823, conveyed to the plaintiffs a farm in Dublin, described as follows :— " a certain tract of land lying in Dublin, being a part of lot numbered twelve, in the seventh range, and bounded as follows :—" beginning at the northwest corner of said lot, thence running east on the north end of said lot to the northeast corner of said lot,—thence south thirty rods, to land owned by Joseph Haywood—thence west, eight degrees north, to the road that leads to land owned by Aaron Appleton, thence southerly, bounded on said road so far as to contain fifty-four acres and one half of an acre, thence west eight degrees north, to the west side line of said lot, thence north to the bound first mentioned, containing fifty-four acres and one half, more or less;" and that the defendant, in and by the said deed, covenanted with the plaintiffs, that at the time of the making of the said deed, he was lawfully seized of the said premises. The breach of the covenant alleged, was, that the defendant was not seized, at the time of making the deed, of six acres and seventy-five rods, parcel of the said premises.

The cause was tried here at April term, 1830, when it was admitted that the defendant, at the time of making said deed, was not seized of six acres and seventy-five rods, parcel of the said premises ; but for the purpose of reducing the damages, the defendant proved that the

said parcel was not included, nor understood by either party to be included in the bargain made between the parties for the sale of the farm, but was included in the deed by mistake. This mistake happened by an accidental omission to insert in the deed an exception of the said parcel, which had been before sold and conveyed.

It further appeared, that about the 1st April, 1823, one Eli Wight, being in possession of said farm, and having the equitable title, the legal title being in the defendant, contracted with Luther Barnes, the father of the plaintiffs, to sell to the said Luther the said farm ; and the said Luther went into possession, and there remained until the said deed was made. At the time of making said contract, said Luther enquired of said Wight as to the number of acres the farm contained, and Wight told him it contained fifty-four or fifty-five acres. The contract of the said Luther having been assumed by the plaintiffs, the deed was made to them, and they supposed that the farm contained fifty-four or fifty-five acres.

It also appeared, that the said farm, exclusive of the said parcel, contained only forty-eight acres and seventeen rods, that the consideration mentioned in the deed and the sum actually paid for the farm, was $624, and that the said parcel, included in the deed by mistake, was of the value of $9 per the acre.

A verdict was taken, by consent, for the plaintiffs, for the full value of the said six acres, and seventy-five rods, subject to the opinion of the court upon the above case.

The case was argued by

*Joel Parker,* for the plaintiff, and

*J. Walker,* for the defendant.

*By the court.* The circumstance, that Wight represented the farm, which he contracted to sell, as containing fifty-four acres, can have no influence in the decision of the question which this case presents. This defendant does not appear to have been in any way privy to any such misrepresentation ; and if the plaintiffs have been

deceived and injured by Wight's misrepresentations, they must look to him, and not to this defendant, for redress. They hold all the land for which they, in fact, contracted. But a parcel of land, of which the defendant was not seized, and which was not understood by either party to be bought or included in the deed, was included by mistake, and embraced by the covenant of seizin ; and the question is, whether the defendant can be permitted in this action, which is founded on that covenant, to show, for the purpose of reducing the damages, that nothing was in fact paid for the land so included in the deed by mistake ?

We have decided, that in an action upon such a covenant, the true consideration may, for the purpose of ascertaining the damages to which the plaintiff may be entitled, be shown, notwithstanding a different consideration is expressed in the deed. 4 N. H. Rep. 229, *Morse* v. *Shattuck.*

And we have no doubt that in this case the defendant ought to be permitted to show, for the purpose of reducing the damages, that nothing was in fact paid for the land which was included in the deed by mistake.

The case of *Leland* v. *Stone*, 10 Mass. Rep. 459, is directly in point, and we refer to the very able and satisfactory opinion of Jackson, J. in that case, for a further illustration of the ground on which this decision rests.

The plaintiffs, in this case, are entitled only to nominal damages.

*Verdict set aside, and a*
*verdict taken for $1,*
*and judgment accordingly.*