## MERRIMAN *against* BRYANT:

### IN ERROR.

Where a person residing within the limits of a military company and enrolled in it, enlisted into and became a member of a fire company in this state, authorized by law, and was subsequently fined, by the commander of the former company, for non-performance of duty therein, and was imprisoned on a warrant for such fine; it was held, that the remedy of such person was by excuse and appeal, and that he could not sustain trespass against the officer.
The statute exempting military officers from actions at law for imposing fines, is not unconstitutional, as impairing the right of trial by jury.

THIS was an action of trespass, for assaulting and imprisoning the plaintiff, without any lawful or reasonable cause, brought originally by *Bryant* against *Merriman*, before a justice of the peace, and appealed to the county court.   The defendant pleaded the general issue, with notice of special matter to be given in evidence.

In *September,* 1838, the plaintiff was chosen a corporal in the 2d company of the 1st regiment of *Connecticut* militia,

*Hartford,*
June, 1841.

Merriman
*v.*
Bryant.

and had a regular warrant as such. On the 1st of *April,* 1840, he enlisted into the engine company, no. 2., in the city of *Hartford,* and became a member of that company, and so continues to be, having done duty therein from the time of his enlistment.

On the 1st of *March,* 1840, the defendant became, and ever since has been, captain and commanding officer of the 8th company of the 1st regiment; and the plaintiff, in *September,* 1839, was chosen a sergeant in that company, accepted the appointment with a regular warrant, and did duty as such. The commander of the 2d company thereupon excused him from the performance of duty in his company. During the time the plaintiff was corporal, and from that time to the present, he lived within the local limits of the 8th company. Before the commencement of this action, the defendant issued a warrant, in regular form, against the plaintiff, for non-performance of military duty, on the 4th of *May,* 1840, and procured the arrest and imprisonment of the plaintiff therefor, which was the injury complained of in the declaration. Under these circumstances, the defendant prayed the court to instruct the jury, that the plaintiff could not exempt himself from performance of military duty in the 8th company, by reason of his having previously enlisted into a fire company in the city of *Hartford,* and being at that time a member thereof; and that the defendant was, consequently, justified in doing the acts complained of. But the court instructed the jury, that the plaintiff being a member of a fire company in the city of *Hartford,* the fact of his being a sergeant in the 8th company of militia made no difference; and the law exempted the plaintiff from the performance of military duty; and the defendant was liable, in this form of action, for the injury complained of.

The defendant further claimed, that in doing the acts complained of, he acted in his official character; that the plaintiff being enrolled in his company, and living within its local limits, being warned to appear on the 4th of *May,* 1840, and neglecting to appear at that time, and making no satisfactory excuse for his non-appearance, being fined, notified of his fine, and making no appeal from the imposition thereof, he, the defendant, was justified in doing what he had done; and that no action at law would lie against him, for the imposition of a

fine for non-performance of military duty, unless he acted maliciously; and the defendant asked the court to instruct the jury accordingly. The court instructed the jury, that if the defendant, in doing the acts complained of, acted within the scope of his authority, the law would justify him, and no action would lie against him for it, unless he acted maliciously. But as the plaintiff, at the time when he was so fined by the defendant, was a member of a fire company, doing duty therein, he was without the jurisdiction of the defendant, and the defendant was liable, in this form of action, for the injury arising therefrom.

Under this charge of the court, the jury returned a verdict for the plaintiff, for 25 dollars, damages. The defendant thereupon filed a bill of exceptions, and brought a writ of error in the superior court; which was reserved for the advice of this court.

*Goodman,* for the plaintiff in error, contended, 1. That a person who is a member of a military company, and has accepted and holds an office therein, cannot exempt himself from the duties of that situation, by enlisting into a fire company. The plaintiff might have been a member of both companies at the same time. He might have voluntarily joined, or continued in, the military company, after he had enlisted into the fire company.

2. That the plaintiff being enrolled as a member of the military company, was thereby brought within the jurisdiction of the commanding officer. If aggrieved by the imposition of the fine, he had his remedy, like other members of the company, by appeal; and this was his only remedy. *Stat.* 437. *tit.* 69. *s.* 26. (ed. 1838.) 1 *Sw. Dig.* 547. *Loomis* v. *Simons,* 2 *Root,* 454.

3. That as the defendant acted under a regular warrant, trespass will not lie. *Luddington* v. *Peck,* 2 *Conn. Rep.* 700. *Watson* v. *Watson* & al. 9 *Conn. Rep.* 141. 148.

*Chapman,* for the defendant in error, contended, 1. That the original plaintiff having enlisted into a fire company, was, by the express provision of the statute, exempt from military duty. *Stat.* 1824 and 1828. *pp.* 453, 4. (ed. 1838.) The statute has no exceptions or qualifications. That the plaintiff

was chosen to and accepted the place of a sergeant in the company, cannot nullify the statute, or take the case out of it.

2. That the provisions of the statute concerning appeals from military fines, are not applicable to persons *exempt* from military duty. They relate to *subjects*, who claim that they ought to be *excused* for the time. *Stat.* 436, 7. *tit.* 69. *s.* 26. (ed. 1838.)

3. That no statute can, constitutionally, take from the party aggrieved the right of trial by jury. When the constitution of this state was adopted, a person exempt had a right to go to a jury before a civil tribunal, and have a decision there. The legislature could not so alter the law as to take away this right.

4. That the plaintiff being exempt, the defendant had no jurisdiction over the person or the subject matter; consequently, he is liable in trespass.

WAITE, J. It appears from the bill of exceptions, that the plaintiff in error was a captain of a militia company, and on the trial before the county court, he claimed that the defendant in error, was a sergeant of that company, residing within its limits, and having neglected to perform military duty, the plaintiff imposed a fine upon him and issued his warrant for the collection.

The defendant claimed an exemption from that duty, by reason of his enlistment into a fire company; and that in consequence the plaintiff in error became a trespasser, by imposing the fine, issuing the warrant and arresting the defendant.

The court instructed the jury, that the plaintiff in the original suit being a member of a fire company, doing duty therein, the fact of his being a sergeant in the military company made no difference; the law exempted him from the performance of military duty; and the defendant below was liable for the injuries complained of. Was this instruction right?

1. It appears from the acts of congress and of this state for forming and conducting the military force, that it is made the duty of every captain to enrol every free, able-bodied, white male citizen, between the ages of eighteen and forty-five, residing within the bounds of his company, except such persons as are by those acts exempted, and to notify him of his

*Hartford,*
*June, 1841.*

Merriman
*v.*
Bryant.

*Hartford,*
*June, 1841.*

Merriman
*v.*
Bryant.

enrolment. The person so enrolled, becomes liable to perform military duty in the company, and the captain is authorized to impose a fine upon him for a neglect of that duty. A right of appeal is, however, given from the decision of the captain.

It is provided, that "no action shall be sustained against any officer for imposing a fine for neglect of appearance, or deficiency in arms or accoutrements." *Stat. tit.* 67. *sec.* 26.

Was not the instruction given contrary to the provisions of that act?

It is insisted, by the defendant in error, that this exemption applies only to actions brought by members of the company, generally liable to perform military duty; and not to actions brought by persons entirely exempt; and that, as the defendant, by enlisting into the fire company, became exempted from such duty, he was beyond the jurisdiction of the captain, and is not to be affected by the statute.

This construction might be correct, were the language of the statute as it formerly was. In the act contained in the edition of 1808, it was, provided, that no person subject to military duty, on whom a fine was imposed, should have any other remedy, except such as was provided in that act. *Tit.* 112. *sec.* 21. But, in the revision of the statutes in 1821, we find a material change in the phraseology of the statute. Instead of merely depriving persons subject to military duty of the right to resort to actions at law, the statute was made as it now is, and provides, that no action shall be maintained against any officer.

We think there is good reason for the present provision of the statute. A captain may very properly enrol a person as a member of his company, knowing, at the time of his enrolment, that he is liable to perform military duty. It would seem reasonable, therefore, if such a member, by an act of his own, as an enlistment into a fire company, should subsequently acquire an exemption, he ought to show it either to the captain himself, or some superior officer, on appeal. The captain might not otherwise know of the exemption; and it would be hard upon him, to make him a trespasser for doing an act, which he believed he was required by law to do.

The person fined is not, in such case, without remedy. For if the captain, upon being informed of the enlistment and

consequent exemption, should refuse to abate the fine, he has the right of appealing to a superior tribunal. And this right of appeal is given to those who are not, as well as to those who are, liable to the performance of military duty. *Stat.* of 1835, *sec.* 9.

*Hartford,*
June, 1841.

Merriman
*v.*
Bryant.

But it is asked, has a captain a right to impose a fine upon an infant, an old man, or a woman, and, if no excuse is shewn, issue his warrant and collect the fine? The answer is obvious. The captain had no right to enrol such person in his company ; and could not, therefore, bring the person under his jurisdiction.

Here it is claimed, that the defendant in error was a member of the company, and would have continued such, were it not for his enlistment into a fire company. It would seem to be reasonable, therefore, that when a person is a member of a militia company, and would continue liable to do military duty therein, and be subject to a fine for neglecting it, and does some act, such as enlisting into a fire company, by which he claims an exemption from that liability, he should, when notified that he is fined, shew his excuse to the captain ; and if he neglects to do that, and does not appeal, he ought not to be allowed to resort to his action at law. And such, in our opinion, is the fair construction of the statute.

2. It is further insisted, by the defendant in error, that the statute exempting military officers from suits at law, is unconstitutional and void. We do not so understand the constitution. It was never intended to deprive the legislature of the power of constituting military tribunals for the trial of military offences. This case is one peculiarly of that character. The defendant in error was fined for not doing duty in a company of which it was claimed he was a member. Whether he had so conducted as to discharge himself from his liability to pay that fine, was a question proper for the decision of a military tribunal.

This view of the case renders it unnecessary to consider the other questions presented in the bill of exceptions.

Our opinion, therefore, is, that the county court erred in their instruction given to the jury; and consequently, their judgment ought to be reversed.

In this opinion the other Judges concurred.

*Judgment reversed.*