PARTRIDGE *v.* HATCH.

To an action on a covenant of seizin in a deed, it is no defence to show that the defendant was actually seized, if he had no title.

A devise to A, B and C, with condition that A and B carry on C's part, and maintain him out of the income of it during life, vests the farm in the three as tenants in common.

If the title fail to part of the land conveyed, the grantee may recover in an action on the covenant of seizin a sum bearing the ratio to the whole purchase money, with interest, that such part of the land bears to the whole conveyed.

COVENANT BROKEN. The declaration alleged that the defendant, on the 6th of February, 1837, by his deed of that date, bargained and sold to the plaintiff a certain parcel of land in Stratford, bounded, &c., and covenanted with the plaintiff that he was seized in fee of the land, and had in himself good right and lawful authority to sell and convey the same in manner aforesaid, and that the plaintiff might, from thenceforward, by force of the deed, lawfully possess and enjoy the same, free of all incumbrances, and it then set forth a breach of these covenants in general terms. The writ was dated May 18, 1844.

The defendant pleaded that at the time of ensealing the deed he was seized in fee of the land, and had good right to sell and convey the same in manner aforesaid, concluding to the country.

Upon the trial, the plaintiff introduced the deed of the defendant conveying the land described in the declaration, with covenants that he was " well seized of the premises in fee simple," had good right and lawful authority to sell and convey the same in manner and form, and that it was free from all incumbrances, &c.

It further appeared that the land was, prior to January 16, 1826, the property of Noah Hatch, the father of the defendant, who on that day made his last will, in which he devised the premises to his three sons, the defendant, Alfee and Ira, on condition that the two first named take Ira, and carry on his part of said farm, and see that he have his support out of it during his natural life.

Noah Hatch died seized of the premises, and his will was duly approved April 5, 1826.

On the 19th day of June, 1834, Alfee Hatch conveyed to the defendant all his share of the land.

But Ira Hatch has never made any conveyance, being at the time of the will, and ever since, *non compos mentis.*

At the time of the deed to the plaintiff the defendant was in the exclusive possession of the land.

Upon the execution of that deed the plaintiff entered, and has remained in the undisturbed possession of the premises ever since.

On the same day upon which the land was conveyed to the plaintiff, he reconveyed the same in mortgage, with like covenants, to secure the payment of three notes, upon two of which balances remain unpaid.

It did not appear that any claim had been made upon the plaintiff on behalf of Ira, or respecting his support, nor did it appear how he had been supported.

A verdict was taken for the plaintiff, by consent, for one third of the amount of the consideration, with interest on the same, subject to the opinion of the court upon the foregoing case; judgment to be rendered upon the verdict, or the same to be set aside and judgment rendered for the defendant; or the amount of it to be reduced, on the report of an auditor to be appointed by the court, in case the sum shall be found too large, according to the opinion of the court upon the foregoing case.

*Benton & Burns*, for the defendant. The covenant for seizin is not broken in this case, nor is either of the synonmous covenants, the defendant being in possession when he conveyed. 1 N. H. Rep. 177.

If there be a dormant title only, there is no breach of the covenant of warranty, and the plaintiff, before he can sue, must extinguish the incumbrance. 1 Chipman 99; 4 Mass. 627; 7 Johns. 358; 16 Johns. 254; 20 Pick. 474.

The covenant of warranty is not broken without an eviction by title paramount, which must be set forth. 4 Mass. 442, 443; 1 Mass. 464.

This was a covenant for possession only, and not for

title. 4 Kent 471, 479; 4 Mass. 403, 442, 627; 2 Mass. 468; 17 Mass. 213; 8 Pick. 346; 2 Johns. 1, 395; 7 Johns. 258, 376; 11 Johns. 122; 1 Verm. 336.

The covenantee must show that a better title has been asserted and yielded to. 4 Mass. 439; 1 Fairf. 91.

*Bellows* and *Cooper*, for the plaintiff. The possession of the defendant, as it regarded the third part, which belonged to Ira, was Ira's possession, and so the defendant was not seized, but Ira was. 5 Verm. 1; 6 Conn. 305; 2 Greenl. Ev. 198; 7 Johns. 376.

*Burns*, in reply. The defendant was in possession at the date of his deed, and has not been disturbed. This will answer the covenants of seizin. It does not appear but the defendant has supported Ira.

Only nominal damages should be recovered, if any.

Gilchrist, J. The first question presented by the case is, whether the defendant was seized of the premises which he conveyed to the plaintiff, with the covenants on which he is now sued, at the date of the delivery of his deed.

His title was under the will of Noah Hatch, who devised the land to his three sons, the defendant, Alfee and Ira, upon the condition that the two carry on Ira's part, and support him during his life. This clearly gave the three an estate in common, with the right of the defendant and Alfee to carry on the share of Ira, and the duty of seeing its avails appropriated to his support.

On the 19th day of June, 1834, Alfee Hatch conveyed to the defendant all his interest in the estate, so that the latter became seized of two thirds, with the right which he had before held in common with Alfee, to farm the share of Ira, and appropriate its avails to his maintenance; and as the case finds, was, at the date of the deed, in the exclusive possession of the whole of it.

If it be assumed that he was also seized of it, and that as a tenant in common his possession, described as exclusive, was not also the possession of his co-tenant, as in ordinary cases, but that his brother was disseized, then the seizin of the defendant when he made the deed is established as a fact, but it was a wrongful seizin, and the question is, whether that satisfies the covenant that he is well seized.

The covenant of seizin, according to the decision of *Willard* v. *Twitchell*, 1 N. H. Rep. 178, amounts only to a stipulation that the grantor has such a seizin that the land will pass by his deed. The case decides that if the grantor have actual seizin, whether by right or by wrong, the land will pass by the deed, and the covenant will not be broken. The marginal note it will be perceived, however, was not the point decided.

But this case is overruled by the later case of *Parker* v. *Brown*, 15 N. H. Rep. 176, which holds that to answer this covenant the grantor must have title to the land, and that actual seizin alone is insufficient. The action may, therefore, be maintained upon the evidence.

What should be the rule of damages? It is the sum paid for the land, with interest, where the case may render it proper. *Greene*, J., in *Moody* v. *Leavitt*, 2 N. H. Rep. 174.

If, upon an action of covenant brought, it appear that the title has failed as to a part of the land conveyed, the damages may be apportioned, and the plaintiff will be entitled to recover a sum of money bearing the same ratio to the whole purchase sum, that the value of the land to which the title has failed bears to the value of the whole that is included in the conveyance. That proportion in this case is very easily and definitely settled.

*Judgment on the verdict.*