# COOS,

## JULY TERM, A. D. 1852.

---

### WILLSON *v.* WILLSON.

In an action for the breach of the covenants of seizin, of good right to convey, of quiet enjoyment, and of warranty, contained in a conveyance of land, the damages cannot exceed the amount of the consideration and interest, with the costs of the suit attending the eviction.

Neither the increased value of the land, by reason of a rise in its price, or of improvements made upon it, can be recovered in an action upon either of these covenants.

In an action on the covenant against incumbrances, the general rule is, that the measure of damages is the sum paid to remove the incumbrance, with compensation for the grantee's trouble and expenses.

Whether the grantee can, in any case, recover more than the consideration and interest, *quœre?*

If the incumbrance is still contingent, and the plaintiff has sustained no actual injury, he can recover only nominal damages.

*It seems* that if the covenantee cannot remove the incumbrance, he may recover damages for the injury he has sustained.

*It seems* that where the incumbrance is changed into an indefeasible title, the plaintiff can recover the money he has paid for the land, with interest.

A default admits the cause of action, and the material and traverseable averments to the declaration, but not the amount of damages.

After a default in an action of covenant, the defendant may introduce evidence tending to prove an adjustment or payment of the damages.

COVENANT. The declaration alleged the conveyance of a tract of land in Lancaster, by John Willson, the defendant, to Jane Willson, the plaintiff, and one Stephen Willson, her late husband, during coverture, and set forth that the deed contained the covenants of seizin, of quiet enjoyment, of good

right to convey, of general warranty, and of warranty against incumbrances,—and alleged breaches of them all severally, in distinct counts.

The action was defaulted after being answered to. The defendant moved the court to be heard in damages. The consideration mentioned in the deed is $600, and the eviction is alleged on the 1st day of August, 1845. The rule of damages in such a case is in controversy.

Also, the defendant proposed giving evidence of an adjustment of the damages and of a payment, or of a partial payment thereof, by the defendant to said Stephen Willson, in his life time, by way of an agreement that a certain note for about $600, held by John Willson against Stephen at the time, should apply to the extent of it in discharge of the said damages. The plaintiff objected that after default such evidence is inadmissible.

It was agreed by the parties to submit the questions arising upon the aforesaid statement of facts to the justices of the superior court for decision, and when the rule of damages is determined, the default is to be stricken off, and judgment rendered accordingly.

*Bellows*, for the plaintiff.

*Cooper*, for the defendant.

GILCHRIST, C. J. In relation to the rule of damages in covenants like those in the present case, it is to be noticed that here there is no allegation of fraud, nor is the matter complicated by the fact that the consideration actually paid is different from that expressed in the deed. The conveyance contains five covenants; of seizin, for quiet enjoyment, of good right to convey, of general warranty, and of warranty against incumbrances. Does the same rule of damages apply upon a breach of each of these covenants? Are the damages in each case of such a different nature that one

rule is not applicable to all, and if so, what reason exists for the distinction? These questions necessarily arise upon the case before us.

There has been but little conflict in the decisions in this country as to the true rule of damages upon a breach of the covenant of seizin. It is important that there should be a certain measure of damages, and that their extent should be limited. A rule rigid in limiting the plaintiff to a definite sum in one class of cases, but flexible and yielding to equitable considerations in cases of apparent hardship, cannot be applied in practice without incurring the danger of committing great injustice. The judgment of the supreme court of New York, in the case of *Pitcher* v. *Livingston*, 4 Johns. 1, has recommended itself to other tribunals by the simple and safe rule it established, and by the good sense of its reasoning. In that case, an action was brought to recover damages for a breach of the covenant of seizin, and for quiet enjoyment. It was held that the plaintiff was entitled to recover as damages only the amount of the consideration expressed in the deed, with the interest thereon, and the costs of the suit attending the eviction. *Van Ness*, J., said that the covenant of seizin which related to the title was the principal and superior covenant, to which the covenant for quiet enjoyment, which went to the possession, was inferior and subordinate, and that no case could occur where the grantee could recover a greater amount in damages for the breach of the latter than of the former. The opinion of *Spencer*, J., was, that under the covenant for quiet enjoyment, the plaintiff might recover the value of the improvements he had made upon the premises. The reasoning both of *Kent*, C. J., and of *Van Ness*, J., was, that there was a strong analogy between the covenant for quiet enjoyment and the ancient covenant of warranty, and that as in the latter, the satisfaction recovered in land was to be equivalent to the value of the lands granted as it existed at the time when the covenant was made, the court

Willson *v.* Willson.

was bound to adopt a correspondent rule when satisfaction was sought to be recovered in money in a personal action on the covenant for quiet enjoyment. *Kent*, C. J., said that it was a necessary consequence of the judgment of the court in the case of *Staäts* v. *Ten Eyck*, 3 Caines 111, that the increased value of the land could not be recovered under either of those covenants ; that when the covenant for quiet enjoyment followed a covenant of seizin in the same deed, the intent of the instrument taken together appeared manifestly to be that the one covenant was merely auxiliary to the other, as the one covenant related to the title, and the other to the future enjoyment of that title ; that the covenant for quiet enjoyment respected the possession merely, and it would seem to be unreasonable and very inconsistent for the plaintiff to recover under one covenant the whole value of the estate as it was intended to be conveyed, and under another covenant in the same deed, distinct and increased damages, because he was not permitted to enjoy that estate ; that there was no precedent to authorize any greater recovery under the covenant for quiet enjoyment than under the covenant of seizin ; that the universal silence in the books on a point which so frequently gave occasion for litigation, was a strong argument to prove that no such rule existed as that contended for by the plaintiff, and that the intention of the covenant of seizin, as uniformly expounded in the English law, was only to indemnify the grantee for the consideration paid.

Whatever expectations of a rise in the value of the land purchased may exist, must be confined to the purchaser. They do not constitute an element of the bargain. The contract looks to the land only, and its price, and to those matters it should be confined. Such seems to be the substance of the reasoning of the court.

In the case of *Bender* v. *Frombeyer*, 4 Dall. 436, the action was on the covenant of seizin and of good right to convey. The standard of damages upon a breach of the latter

covenant was stated in the well considered opinion deliv-
ered by *Tilghman,* C. J., to be " the value of the land at
the time of making the contract."

In Massachusetts, the damages upon a breach of the cov-
enant of good right to convey, are the consideration paid
and interest. *Marston* v. *Hobbs,* 2 Mass. 432; *Smith* v.
*Strong,* 14 Pick. 128.

Although the rule of damages upon the breach of the
covenant of seizin has been established in this State, we
have referred to other decisions upon this point because they
have an incidental bearing on considering the question of
the damages upon a breach of the covenant of good right
to convey.

It is said by *Green,* J., in the case of *Moody* v. *Leavitt,*
2 N. H. Rep. 174, that the price paid for the land is the
measure of damages in an action on the covenant of seizin.
In the case of *Ela* v. *Card,* 2 N. H. Rep. 175, it was held
that where the covenant was broken as to part of the land
conveyed, the measure of damages will be such a proportion
of the purchase money and interest as the value of that
part bears to the value of the land conveyed. That the
price paid is the measure of damages, appears also from the
case of *Morse* v. *Shattuck,* 4 N. H. Rep. 229. And in the
case of *Parker* v. *Brown,* 15 N. H. Rep. 188, it was held
that the measure of damages for a breach of the covenant
of seizin, is the value of the land at the time of the convey-
ance.

The covenant of good right to convey has been called
synonymous with the covenant of seizin ; it certainly follows
as a necessary consequence that a person who is seized, has
a right to convey the estate of which he is so seized. *Rick-
est* v. *Snyder,* 9 Wend. 422. The line which separates the
damages in the different covenants is sometimes rather in-
definite, but still the more intelligible mode will be to con-
sider them separately, as far as practicable.

The two covenants are said to be synonymous in the case

of *Willard* v. *Twitchell*, 1 N. H. Rep. 177. Where no land passes by the defendant's deed to the plaintiff, he has lost no land by the breach of these covenants; he has lost only the consideration he has paid for it. This he is entitled to recover, with interest. *Bickford* v. *Page*, 2 Mass. 455, 461; *Chapel* v. *Ball*, 17 Mass. 213; *Jenkins* v. *Hopkins*, 8 Pick. 346.

But where the grantee's loss has been actually less, he has been limited to the amount of injury sustained.. Where the grantee purchased in an outstanding paramount title, as he had been all the time in possession, he was allowed to recover only the amount paid to perfect the title, with interest from the time of payment. *Spring* v. *Chase*, 22 Me. Rep. 502. Where the defendant, being tenant for life with remainder over, conveyed with a covenant of seizin in fee, in an action on this covenant, the plaintiff, having been in possession from the time of the conveyance, was allowed to recover only the consideration paid without interest, deducting therefrom the value of the life estate. *Tanner* v. *Livingston*, 12 Wend. 83. So where the grantor was not seized at the execution of the deed, but subsequently acquired a title which enured to the grantee by estoppel, he not having been disturbed in his possession, it was held that he could recover nominal damages only. *Baxter* v. *Bradbury*, 20 Maine 260. The court said that the rules established to determine the measure of damages have been framed with a view to give the party entitled a fair indemnity for the damages he has sustained. So the defendant may show in reduction of damages that the part to which there was no title was included in the deed by mistake, and that no consideration was paid for it. *Barnes* v. *Learned*, 5 N. H. Rep. 264. But whether the covenant of good right to convey is or is not strictly synonymous in all cases with the covenant of seizin, all the authorities concur in applying the same rule of damages in both cases.

As to the covenant against incumbrances, it is said by

*Parker*, C. J., in the case of *Loomis* v. *Bedel*, 11 N. H. Rep. 87, that where the grantee has extinguished the incumbrance, he can recover no greater sum than the amount paid, with compensation for his trouble and expenses. And there are authorities which hold that he cannot recover even the amount thus paid, where it exceeds the consideration money and interest. *Dimmick* v. *Lockwood*, 10 Wend. 142. The rule of damages varies from a nominal sum to the consideration money and interest, and it is impossible to apply a rule which shall comprehend all cases of damages arising from the existence of an incumbrance. To a certain extent, however, the cases may be classified, and then the rule of damages is simple and easy of application.

It seems to be well settled that if the incumbrance is still contingent, and no injury has been sustained by the plaintiff, he can recover only nominal damages. *Delavergne* v. *Norris*, 7 Johns. 358; *Stanard* v. *Eldridge*, 16 Johns. 255; *Baldwin* v. *Mann*, 2 Wend. 399; *Jenkins* v. *Hopkins*, 8 Pick. 350; *Leffingwell* v. *Elliot*, Ibid. 455; *Tufts* v. *Adams*, Ibid. 547; *Brooks* v. *Moody*, 20 Pick. 474.

Where the incumbrance has been removed, the general rule in Massachusetts fixes the damages at the amount paid to remove the incumbrance. The court say, "the rule is that for such incumbrances as a covenantee cannot remove, he shall receive a just compensation for the real injury resulting from the incumbrance." *Bachelder* v. *Sturgis*, 3 Cushing 201. Where the incumbrance is changed into a title adverse and indefeasible, the plaintiff is entitled to recover the money he has paid for the land, with interest. In such case the estate conveyed is entirely defeated, and the purchaser cannot remove the incumbrance; nor can he enter upon and enjoy the land, and it would be idle to require him to purchase it in order that he might be entitled to his damages for the breach of the covenant against incumbrances. Indeed, such a state of facts comes very near proving an actual eviction, and falls short of it only because there

has been no actual possession by the grantee so that he can be evicted. *Jenkins* v. *Hopkins*, 8 Pick. 349. The case of *Chapel* v. *Bull*, 17 Mass. 221, decided that where a tenant in common sold his purport, covenanting against incumbrances, while proceedings in partition were pending, and the land was exposed to auction by the sheriff and sold, there was a breach of the covenant against incumbrances, and that the measure of damages was the consideration money and interest. It is said by the court in *Jenkins* v. *Hopkins*, that the principle which constitutes a difference between the case of *Chapel* v. *Bull* and the cases in which it has been held that for a breach of the covenant against incumbrances, nominal damages only can be recovered unless the incumbrance had been removed, is, that in the latter case the plaintiff is in possession of the estate, is undisturbed in the enjoyment and may remain so; whereas in the former case the plaintiff is not in possession, nor can he enter without being a trespasser upon one who has the title, and who is presumed to be in possession according to his title.

But where such circumstances exist as enable the plaintiff, although out of possession, to obtain it by the payment of a certain sum, he can recover that sum only, as otherwise he might recover the consideration money, and then obtain the estate by the payment of a smaller sum. *Tufts* v. *Adams*, 8 Pick. 549. In this case, the land was incumbered by a mortgage, and *Parker*, C. J., said that it appeared reasonable that the proper rule of damages should be to give the amount due upon the mortgage, with the costs of the suit upon the mortgage against the plaintiff, and thus he will be enabled to redeem the lands from the funds of the defendant. If he should not redeem, but suffer the equity to be foreclosed, then if there shall be any loss he will have no right to complain. In the case of *White* v. *Whitney*, 3 Metc. 89, it was said by the court that where there is a paramount title by an outstanding mortgage very

small in amount in comparison with the value of the estate, it would be plainly for the interest of the owner and holder of the equity of redemption to redeem. In such case it would be quite unreasonable to hold that the covenantee on such an eviction should recover damages to the full value of the estate.

So far as a party can be indemnified by applying a general rule to cases arising under this covenant, it would probably be as little productive of injustice to adopt as the measure of damages the sum paid to remove the incumbrance, where it did not exceed the consideration money and interest. The damages should be proportioned to the actual loss stated in the declaration and proved. It is held in New York that the purchaser cannot recover beyond the consideration and interest and costs. *Dimmick* v. *Lockwood*, 10 Wend. 142.

In actions arising upon the covenants of warranty and for quiet enjoyment, it has been held by high authority, that the plaintiff is entitled to recover the value of the land only at the time of the purchase. *Staäts* v. *Ten Eyck*, 3 Caines 111. *Kent,* C. J., said that the rule at common law on a warranty on a writ of *warrantia chartæ* was that the demandant recovered in compensation only for the land at the time of the warranty made, and that he did not find that the law had been altered since the introduction of personal covenants. In the United States the two covenants are treated as synonymous, with some exceptions; and the measure of damages is the same in both. But upon the question, what shall be the measure of damages, there is much conflict among the authorities. If we treat these covenants as similar in principle to the ancient warranty, where the warrantee recovered of the warrantor lands whose value was computed as at the time of the warranty, we shall be limited by the consideration and interest. But if we consider the covenants as contracts of indemnity, we shall open up the question whether the plaintiff should re-

cover for the increased value of the premises consequent upon a rise in price of the property, or upon the improvements made upon the land since the date of the deed.

The valué of the land at the time of the eviction is the measure of damages in Connecticut. *Sterling* v. *Peet,* 14 Conn. 204; in Vermont, *Park* v. *Bates,* 12 Verm. 387; and in Massachusetts, *Gore* v. *Brazier,* 3 Mass. 523; *White* v. *Whitney,* 3 Metc. 89; and in Maine, *Hardy* v. *Nelson,* 27 Maine 525. The decision in *Gore* v. *Brazier,* was said there to be " conformable to principles of law applied to personal covenants broken, to the ancient usages of the State, and the decisions of our predecessors, supported by the practice of the Legislature."

In this State, the question whether the measure of damages should be the value of the land at the time of the ouster or at the time of the purchase, has been discussed to some extent, but left unsettled. *Loomis* v. *Bedel,* 11 N. H. Rep. 87.

In New York, in the case of *Staäts* v. *Ten Eyck,* 3 Caines 111, it was held that under the covenant for quiet enjoyment, the plaintiff was not entitled to recover any damages on account of the increased value of the land. In the subsequent case of *Pitcher* v. *Livingston,* 4 Johns. 1, the same doctrine is reaffirmed. *Van Ness,* J., says that " one, and perhaps the principal reason why the increased value of the land itself cannot be recovered, is because the covenant cannot be construed to extend to anything beyond the subject matter of it, that is, the land, and not to the increased value of it subsequently arising from causes not' existing when the covenant was entered into ;" and that for the same reason the covenantee ought not to recover for the improvements; also, that if the *increase* of value ought to be taken into view, by parity of reasoning it would be proper, and what would be required by a just reciprocity, to take into consideration any contingent *diminution* of value, which was never heard of. He further says that when the deed

contains both the covenant of seizin and for quiet enjoy-ment, and there is an eviction occasioned by a total want of title in the grantor, upon the other doctrine if the prop-erty at the time of eviction be worth one half of the con-sideration and interest, the grantee may, notwithstanding, upon the covenant of seizin, recover the whole considera-tion and interest. But if the property happen to be worth double the consideration money and interest, by reason of the improvements made thereon, he may waive the cove-nant of seizin and resort to the covenant for quiet enjoy-ment, and then recover the whole amount; and that this is not reconcilable with any principle of law or justice. He considers the covenant for quiet enjoyment as more strictly analogous to the ancient covenant of warranty than any of the other modern covenants. The same view of the law is taken by *Kent*, C. J., and by the rest of the court, excepting *Spencer*, J., whose opinion was that the plaintiff should recover the value of the improvements. This case was fol-lowed by *Bennet* v. *Jenkins*, 13 Johns. 50; *Kinney* v. *Watts*, 14 Wend. 38; and by *Peters* v. *McKeon*, 4 Denio 550.

The decisions which agree with this view of the law are far more numerous than those on the other side, but it is not necessary to refer to them particularly. We do not as-sume that this measure of damages will always afford a perfect remedy. But it is predicable of every general rule, that it will not suit all cases. It is truly said by *Kent*, C. J., in *Pitcher* v. *Livingston*, 4 Johns. 21, that " on a subject of such general concern and of such momentous interest as the usual covenants in a conveyance of land, the standard for the computation of damages, whatever that standard may be, ought, at least, to be certain and notorious. The seller and the purchaser are equally interested in having the rule fixed." And this rule has the benefit of certainty. The equity of a contrary rule is very questionable. Let us sup-pose that after a sale the land increases in value, either by a rise in its price or by the improvements made upon it by

the purchaser. A third person recovers the land by a paramount title, and the buyer sues the seller on the covenants in his deed. He recovers the value of the land at the time of the eviction. He loses nothing, the seller pays for the improvement, and the owner alone profits by the transaction. Now there may be no *mala fides* in any one of the parties, and the case supposed is not an extreme one. It will happen where the parties act in good faith, and the owner happens for a time to be ignorant of his legal rights. The other rule, which makes the consideration paid, the measure of damages, has at least the recommendation of dividing the loss between the buyer and the seller, for the seller loses the consideration, and the buyer loses the value of the improvements.

We have no disposition to extend our references to authorities upon this point, for the reasoning is exhausted by the leading cases we have cited. But we may add that in 4 Kent's Com. 477, the learned author says, " the ultimate extent of the vendor's responsibility under all or any of the usual covenants in his deed, is the purchase money, with interest, and this I presume to be the prevalent rule throughout the United States." We think it the better rule, and as such it must govern the present case.

The other question in the case is, whether after a default the defendant may introduce evidence tending to prove an adjustment or payment of the damages. The default admits the cause of action, and the material and traversable averments. *Bates* v. *Loomis*, 5 Wend. 134. The amount of damages is not admitted. *Brill* v. *Neale*, 1 Chitty 619. Now the very question to be determined is, what damages the plaintiff should recover. It would be singular if, merely because of a default which does not admit any particular sum, the defendant could not show that whatever damages had been sustained by the plaintiff had been adjusted and paid in whole or in part. Our practice is to submit the question of damages to the jury, or to assess the damages

upon affidavits laid before the court, at the election of the parties. We see no objection to the reception of competent evidence after a default, upon this point, and the only question made is whether any evidence is admissible after the default. No question is made by the case concerning the admissibility of this evidence, and whether before or after the default makes no difference. It is as competent in the one case as in the other.

It may be added that § 3 chap. 186 Rev. Stat. provides that upon the default of a party, judgment shall be rendered against him for such damages as, upon inquiry, the plaintiff shall appear to have sustained. This provision evidently contemplates the reception of evidence after a default.

*Judgment for the plaintiff.*