## KENNISON v. TAYLOR.

In an action on the covenant of seizin, and against incumbrances contained in a deed, the plaintiff may recover the price paid, his expenses, and a reasonable compensation for his trouble, together with interest on all sums paid; but not counsel fees for defending the action upon which he was evicted, accruing after the covenantor has, upon notice, assumed the defence.

COVENANT. The deed contained the following covenants: "And I, James T. Taylor, my heirs, executors and administrators, do hereby covenant, grant and agree, to and with the said Solomon Kennison, his heirs and assigns, that, until the delivery hereof, I am the lawful owner of the said granted premises, seized and possessed thereof in my own right in fee simple, and have full power and lawful authority to grant and convey the same in manner aforesaid; that the said premises are free and clear of every incumbrance whatever, and I and my heirs, executors and administrators, shall and will warrant and defend the same to the said Kennison, his heirs and

assigns, against the lawful claims and demands of any person or persons whomsoever, claiming under me." The deed bore date on the 6th day of April, 1840.

At the date the plaintiff paid to the defendant $150, which was the consideration named in the deed. At the May term of the court of common pleas in this county, in 1845, Richard Kimball, claiming the land under a title paramount to that of Taylor, recovered the same in a real action against this plaintiff, together with costs, taxed at $75.60, which was followed by a writ of possession, executed by an officer, whose fees, with the sum taxed for the writ, amounted to $1.63.

This plaintiff duly gave notice to the defendant of the commencement of the action before it was entered, and employed counsel to defend the same, to whom he paid $10 for his services rendered before the covenantor, Taylor, assumed the defence. Afterwards Taylor came in and took upon himself the defence of the action, but did not give notice to the plaintiff of the fact; and the plaintiff paid his own counsel, for further services in the defence, $15 more. His own time and expenses were worth the further sum of $20, and he claims all those sums, with interest on them.

The foregoing facts were submitted by the parties, with the agreement that the court might render such judgment as should be proper.

*Hobbs*, for the plaintiff.

*Hale*, for the defendant.

GILCHRIST, J. The covenant of warranty in the deed is limited to the acts of parties claiming under the grantor, but the action may be maintained upon the other covenants.

For the breach of these, the plaintiff is entitled to

recover the price of the land, which he has paid, his expenses in defending the action upon which he was evicted, including counsel fees among those necessary expenses, and a reasonable remuneration for his personal pains and trouble in the matter. *Loomis* v. *Bedel,* 11 N. H. Rep. 74; *Haynes* v. *Stevens,* 11 N. H. Rep. 28; *Moody* v. *Leavitt,* 2 N. H. Rep. 174.

But any measures that he has seen fit for his own protection to pursue after his covenantor has come into court upon notice, and assumed the defence, are voluntary. If he choose to incur the expense, he cannot call upon the defendant for indemnity. The sum of $15 paid on this account must therefore be disallowed.