### LYMAN B. EATON *v.* LIZZIE H. CLARKE.

Where a warranty is against lawful claims only, expenses incurred by the covenantee in defending against an unfounded claim cannot be recovered from the covenantor; an apparent cloud upon the title is not enough, but its validity must be shown to establish the covenantor's liability.

If a covenantee notifies the covenantor that a claim, though unfounded, is being prosecuted and asks him to assume its defence because of his warranty, the covenantee is relieved of all further duty in the premises.

COVENANT. The suit is brought to cover expenses incurred in defending the partition proceedings involved in *Warner v. Eaton,* 78 N. H. 515. Trial by the court. The claim for 7/32 of the land conveyed to Eaton was presented by him to the commissioner upon the estate of Mrs. Harris and was allowed. The estate is solvent. It was admitted at the argument that the sum so allowed was received from the estate and was paid to Warner in satisfaction of his claim. The balance of the common property was sold by order of court made in the partition proceedings, and the proceeds have not been distributed. There was a verdict for the plaintiff, and the case was transferred to this court upon exception thereto. The case was discharged because the facts did not sufficiently appear (*Eaton v. Clarke, post,* 586); and, upon further hearing, the superior court (*Kivel,* C. J.) set aside the verdict, ordered judgment for the defendant, and allowed a bill of exceptions, at the September term, 1922.

*Hurd & Kinney (Mr. Hurd* orally), for the plaintiff.

*Ira G. Colby* (by brief and orally), for the defendant.

PEASLEE, J. The plaintiff's claim is that he has been put to expense by a breach of warranty of title to land conveyed to him by the defendant's ancestor. Various objections to a recovery are urged, but it is not necessary to consider all of them. The warranty was against lawful claims only. Expenses incurred in defending against an unfounded claim cannot be recovered from those bound by the warranty. The fact that there is an apparent cloud upon the title is not enough. Its validity must be shown to establish a liability of the warrantor. *Winnipiseogee Paper Co.* v. *Marsh*, 64 N. H. 531. In the present instance the adverse claim was held to be unfounded, unless it should be made to appear that it was necessary to take a part of the granted premises to make up the share of the part owner of the larger tract which included the land conveyed to Eaton. *Warner* v. *Eaton*, 78 N. H. 515.

The proceedings which have been taken are somewhat unusual, but it is not necessary to consider them in all their details. They apparently show that there was ample opportunity to satisfy all the claimant Warner's rights out of the balance of the property. They certainly do not show that the contrary is the fact, and in the absence of that situation there is no liability here. The present plaintiff never notified his grantor or her successors to defend the partition proceedings, but elected to conduct that litigation himself. Having taken that course, he cannot recover his expenditures, except upon proof that the claim defended against was valid.

This conclusion puts no unreasonable burden upon the plaintiff. It was not necessary for him to assume the duty of deciding upon the validity of an adverse claim when it was presented. If he had then notified those who were bound to make the warranty good that such a claim was being prosecuted, and had asked them to assume the defence because of their liability upon the warranty, he would have been relieved from all further duty to them in the premises. *Thrasher* v. *Haines*, 2 N. H. 443; *Lebanon* v. *Mead*, 64 N. H. 8. In the absence of fraud or collusion, they would then have been bound by any judgment rendered in that proceeding. *Littleton* v. *Richardson*, 34 N. H. 179, 187; *Chandler* v. *Brown*, 59 N. H. 370. But as the plaintiff elected to conduct the defence to the partition proceedings, he has no remedy over when the event shows that the adverse claim was unfounded. The peril of an ultimate liability resulting from permitting a false claim to go by default could have been transferred to those liable upon the warranty (*Jackson* v. *Marsh*, 5 Wend. 45), but only by a seasonable notice to defend against it.

It was also claimed in argument that Eaton in effect notified Mrs. Clarke of Warner's claim in the partition proceedings, and requested her to defend. If this were conceded to be the fact, it would not help the plaintiff. On the contrary, it would establish that the conclusion in that suit — that Warner's claim against Eaton was invalid — was binding upon Eaton and Mrs. Clarke in subsequent litigation between them. In such a situation, the notice to defend and the judgment against the alleged claim establish the immunity of the party sought to be held liable over. *Gregg* v. *Company*, 69 N. H. 247.

As before suggested, Eaton could, after proper notice, have left the defence of the partition proceedings to Mrs. Clarke. But, having elected to conduct a defence himself, and having defeated the claim set up so far as those proceedings were concerned, he has no cause of complaint against her.

Before the partition proceedings were litigated Eaton presented to the commissioner upon Mrs. Harris' estate a claim for 7/32 of the land and the claim was allowed. No appeal was taken, and the amount allowed was thereafter paid to Eaton, who in turn paid it to Warner. The position is now taken that these proceedings resulted in a judgment binding upon Mrs. Clarke, establishing as against her the validity of Warner's claim against Eaton, and that therefore she cannot defend the present suit upon the ground that the Warner claim was unfounded.

A judgment against an administrator is not binding upon the heir when drawn in question collaterally. *Nichols* v. *Day*, 32 N. H. 133; *Matthews* v. *Hutchins*, 68 N. H. 412. As between these parties, the allowance of Warner's claim is merely evidence. It is not conclusive and does not estop Mrs. Clarke to impeach it.

It may be that the conclusion in *Warner* v. *Eaton, supra,* that Warner had no valid claim upon the land sold to Eaton, and the judgment of the probate court upon the allowance of Eaton's claim, are inconsistent. Apparently they are so. The failure of Mrs. Clarke to appeal from the judgment of the probate court (said to have been entered in 1919), which judgment appears to be in conflict with the conclusion announced by this court in *Warner* v. *Eaton,* in 1917, is easily accounted for. The decision here made it plain that while Warner's claim was invalid as against Eaton, it was perfectly good as against the remainder of the land. 25/32 of this land was a part of Mrs. Harris' estate which Mrs. Clarke would take under the will. It had been sold in the partition proceedings,

but a division of the proceeds had not been made. It would be immaterial to Mrs. Clarke whether Warner's claim upon the estate were paid indirectly through an allowance of Eaton's claim, or directly by taking it out of the proceeds of the land.

There seems never to have been any substantial denial of the proposition that Warner's claim to 7/32 of all the land would have to be satisfied out of the estate in some way. Eaton elected to have the matter adjusted by assuming that the claim was valid against him, and proving a claim for it against the executors. There appears to have been no occasion for any litigation over this part of Warner's claim in the partition proceedings. Whatever Eaton did in that behalf was at his own risk, and cannot be recovered for from Mrs. Clarke upon the facts disclosed by the record.

*Judgment for the defendant.*

YOUNG, J., was absent: the others concurred.