Rockingham
No. 2008-783

KEVIN COCO & a.

v.

DORIS JASKUNAS

Argued: September 10, 2009
Opinion Issued: December 16, 2009

*McDowell & Osburn, P.A.,* of Manchester (*Mark D. Morrissette* on the brief and orally), for the plaintiffs.

*Sumner F. Kalman, Attorney at Law, P.C.,* of Plaistow (*Thea S. Valvanis* and *Sumner F. Kalman* on the brief, and *Mr. Kalman* orally), for the defendant.

CONBOY, J. The defendant, Doris Jaskunas, appeals from an order of the Superior Court (*Lewis,* J.) granting summary judgment in favor of the plaintiffs, Kevin and Susan Coco, and awarding them attorney's fees incurred in defending the title to land that they purchased from the defendant. We affirm.

This case is related to *Porter v. Coco,* 154 N.H. 353 (2006). The Porters and the plaintiffs own adjacent parcels of property in Fremont. The plaintiffs purchased their property, a vacant lot constituting approximately five acres (the property), from the defendant and her then-husband, C. Larry Therriault, in 1986 for $11,000, and received a deed with warranty covenants. In 2003, the Porters brought an action against the plaintiffs to quiet title to 2.2 acres of the property. The plaintiffs requested the defendant to defend the action pursuant to the covenants of the warranty deed, but she refused and the plaintiffs took up the defense at their own expense. On August 2, 2004, the plaintiffs filed the present action against the defendant alleging breach of the deed's warranty covenants.

In 2005, the trial court granted summary judgment in favor of the plaintiffs in the Porters' quiet title action against them on the basis of res judicata arising from a 1982 quiet title action brought by the defendant. The trial court then granted the defendant's motion to dismiss this action against her. The trial court reasoned that the warranty deed required the defendant to defend against only "lawful claims," and, because the Porters' claim was unfounded, the defendant was not liable for the plaintiffs' legal fees.

On appeal, however, we reversed the trial court's grant of summary judgment to the plaintiffs in the suit the Porters filed against them. *Porter,* 154 N.H. 353. We held that the Porters were not barred by res judicata from attacking the 1982 quiet title result because their predecessors in interest, the Willeys, were known to have a potential interest in a portion of the property but were not properly noticed regarding the 1982 action. *Id.* at 357-58. We remanded that case for trial. *Id.* at 359.

On the eve of trial, the Porters and the plaintiffs reached a non-monetary settlement wherein they divided the disputed land between them. The defendant and her counsel were kept apprised of the settlement negotiations, but did not participate in them. The court approved the Porter-Coco settlement in April 2007.

The parties then filed cross-motions for summary judgment in the present case on the issue of the defendant's liability for the plaintiffs' defense costs, including attorney's fees, in the Porter-Coco litigation as well as this litigation. The court granted summary judgment in favor of the plaintiffs on their claim for costs and fees incurred in the Porter-Coco litigation, and awarded them $41,775.89. The court denied the plaintiffs fees or costs incurred in this litigation, and the plaintiffs have not appealed that ruling.

"In reviewing the trial court's summary judgment rulings, we consider the evidence in the light most favorable to each party in its capacity as the nonmoving party and, if no genuine issue of material fact exists, we determine whether the moving party is entitled to judgment as a matter of law." *N.H. Assoc. of Counties v. Comm'r, N.H. Dep't of Health & Human Servs.*, 156 N.H. 10, 14 (2007).

The defendant concedes that she and her husband conveyed the property to the plaintiffs with the standard warranty covenants, including those pertaining to title and defense. She further concedes that she was timely and properly noticed by the plaintiffs regarding the Porters' adverse claim, that she was asked to assume the defense against that claim, and that she refused to do so. She asserts that she was not obligated to defend the plaintiffs' title pursuant to RSA 477:27 (Supp. 2008) because the Porters' claim was not "lawful" in that it was settled prior to any judicial adjudication on the merits and that it was unfounded from the outset. She also argues that she is not liable for the plaintiffs' attorney's fees or costs under RSA 477:27 because the plaintiffs failed to claim damages other than the costs of defense. Finally, she asserts that even if she is liable for damages, her liability is limited to a fraction of the 1986 purchase price of $11,000.

The defendant's liability for the plaintiffs' attorney's fees and costs incurred in the Porter-Coco litigation turns on our interpretation of RSA 477:27. "The interpretation of a statute is a question of law, which we review *de novo.*" *In the Matter of Liquidation of Home Ins. Co.*, 154 N.H. 472, 479 (2006). "We are guided by a number of well-settled principles of statutory construction. Our goal is to apply statutes in light of the legislature's intent in enacting them, and in light of the policy sought to be advanced by the entire statutory scheme." *State Employees Assoc. of N.H. v. N.H. Div. of Personnel*, 158 N.H. 338, 343 (2009) (quotation omitted). "When construing the meaning of a statute, we first examine the language found in the

statute, and where possible, we ascribe the plain and ordinary meanings to words used." *Id.* (quotation omitted). "We interpret statutes not in isolation, but in the context of the overall statutory scheme." *Id.* (quotation omitted).

RSA 477:27 provides:

> A deed in substance following the form appended to this section shall, when duly executed and delivered, have the force and effect of a deed in fee simple to the grantee, heirs, successors and assigns, to their own use, with covenant on the part of the grantor, for himself or herself, heirs, executors and administrators, that, at the time of the delivery of such deed, the grantor was lawfully seized in fee simple of the granted premises, that the said premises were free from all incumbrances, except as stated, that the grantor had good right to sell and convey the same to the grantee, heirs, successors and assigns, *and that the grantor will,* and the heirs, executors, and administrators shall, *warrant and defend the same to the grantee* and heirs, successors and assigns, *against the lawful claims and demands of all persons.*

(Emphasis added.) The parties agree that the deed from the defendant and Therriault to the plaintiffs is a warranty deed subject to the provisions of RSA 477:27. The statute thus provides the plaintiffs a right of defense against all "lawful" claims and demands.

■ We will first consider the defendant's argument that she was not obligated to defend against the Porters' claim because the claim was settled prior to a judicial determination on the merits. We initially note that a reasonable settlement does not foreclose a court's evaluation of the lawfulness of the underlying claim. *See, e.g., Garcia v. Herrera,* 959 P.2d 533, 537 (N.M. 1998) (trial court may evaluate evidence of title to determine whether settlement is reasonable, and therefore whether the underlying claim subject to warranty covenants was lawful). Furthermore, a grantee who voluntarily yields to a claim of paramount title may nonetheless claim a breach of warranty. *Id.*

■ The plaintiffs' request for compensation for their attorney's fees and costs stemming from the defendant's alleged breach of the duty to defend is, in essence, a claim for indemnity. "A right to indemnity arises where one is legally required to pay an obligation for which another is primarily liable." *Morrissette v. Sears Roebuck & Co.,* 114 N.H. 384, 387 (1974) (citation omitted); *see also Druding v. Allen,* 122 N.H. 823, 824-25 (1982) (purchasers were awarded damages for breach of warranty deed covenants, and sellers were entitled to full indemnification, including attorney's fees, from the corporation that sold them the property). "While

a prejudgment payment in settlement does not extinguish a right of indemnity, the [indemnitee] must show that the settlement was made under legal compulsion, rather than as a mere volunteer, for indemnity is not available for payment voluntarily made." *Morrissette*, 114 N.H. at 387 (citations omitted). Moreover, an "indemnitee's unilateral acts [of settlement], albeit reasonable and undertaken in good faith, cannot bind the indemnitor; notice and an opportunity to defend are the indispensable due process satisfying elements." *Id.* at 389 (citation omitted).

> If the indemnitor approves the settlement or defends unsuccessfully against the original claim, he cannot later question the indemnitee's liability to the original claimant. If the indemnitor declines to take either course, then the indemnitee will only be required to show *potential liability* to the original plaintiff in order to support his claim over against the indemnitor.

*Id.* (citation omitted; emphasis added); *see also Chicago, R.I. & P.R. Co. v. Dobry Flour Mills*, 211 F.2d 785, 788 (10th Cir.) ("[W]here the indemnitor denies liability under the indemnity contract and refuses to assume the defense of the claim, then the indemnitee is in full charge of the matter and may make a good faith settlement without assuming the risk of being able to prove absolute legal liability or the actual amount of the damage."), *cert. denied*, 348 U.S. 832 (1954). We likewise stated in *Eaton v. Clarke*, 80 N.H. 577, 578 (1923), that a warrantee's notification to his warrantor and request that the warrantor assume the defense of a claim against title would have been sufficient to prevent the imposition of any liability upon the warrantee, regardless of the outcome of the underlying lawsuit. Taken together, our precedent establishes that a warrantee whose case has settled establishes that he or she is entitled to indemnification by showing his or her own potential liability, as well as notice to the warrantor and an opportunity to defend against a pending claim.

Here, the parties agree that the defendant received timely notice of the Porters' claim and an opportunity to defend against it. The plaintiffs' burden of showing their potential liability as to the Porters' claim is coextensive with the burden of showing that their settlement was reasonable and entered into in good faith.

In examining the settlement in this case, we conclude that the trial court properly found that it was reasonable and entered into in good faith. We have previously ruled that the Porters had a right to pursue their quiet title action and that they were not foreclosed from doing so by Jaskunas' 1982 quiet title decree. *Porter*, 154 N.H. at 359. We also observed that the Porters' claim had at least potential likelihood of success, in that the guardian ad litem's report prepared in connection with the 1982 quiet title

action "noted the increase in acreage of the [Jaskunas/Coco] parcel at the apparent expense of the [Porter] parcel . . . ." *Id.* at 357. The trial court in the present dispute likewise found that "both the Porters and the Cocos had colorable or defensible positions" as "[b]oth the Cocos' deed and the Porters' deed contain descriptions that included the disputed land." The trial court further observed, "The Porters had had their property surveyed in 2002, and this survey indicated that the disputed property constituted part of their property. The Cocos had contrary proofs to support their position." At the time of settlement, the plaintiffs had already incurred significant attorney's fees and expenses, and they ran the risk of losing the disputed property, which constituted nearly half of their property. The plaintiffs' decision to mitigate their damages in terms of both attorney's fees and potential property loss was reasonable, and therefore does not preclude their action for indemnification against the defendant.

■ These circumstances also result in our rejection of the defendant's argument that the Porters' claim was unfounded and therefore not "lawful" within the meaning of RSA 477:27. The statute does not define "lawful claim" or "demand." Generally, however, a "lawful" claim is a claim that is "conformable to law: allowed or permitted by law: enforceable in a court of law: LEGITIMATE." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1279 (unabridged ed. 2002). Thus, if a claim has a basis in law, it may be considered a "lawful claim." A "demand" is an even broader term, including "the asking or seeking for what is due or claimed as due." *Id.* at 598.

■ Notwithstanding the broad wording of RSA 477:27, the defendant argues that the Porters' claim was not a "lawful claim or demand" sufficient to invoke the defendant's covenant to defend. She cites *Eaton* as support for her assertion that "[e]xpenses incurred in defending against an unfounded claim cannot be recovered from those bound by the warranty." *Eaton*, 80 N.H. at 578. Although this is an accurate statement of law, the facts as found by the trial court, and as discussed by this court in *Porter*, 154 N.H. 353, and above, demonstrate that the Porters' quiet title action was not unfounded. Because the plaintiffs have established their potential liability to the Porters, the Porters' claim was, at the very least, a "lawful" claim, against which the plaintiffs were entitled to a defense under RSA 477:27.

The defendant next argues that her liability should be limited to loss of title damages, which she asserts are no more than a fraction of the 1986 purchase price of $11,000. The defendant does not challenge the reasonableness of the plaintiffs' fees and costs that were awarded, but asserts that

the statute does not provide for "attorney's fees," and that we should not imply such a right in the absence of specific statutory language.

We recognize that RSA 477:27 does not include the words "attorney's fees" in mandating "that the grantor will . . . warrant and defend" the deed covenants; indeed, the statute is silent as to the appropriate remedy when a grantor breaches the statutory covenant. We therefore look to the common law to determine the proper remedy for breach of covenants in a warranty deed. *See Wenners v. Great State Beverages*, 140 N.H. 100, 103 (1995) ("While a plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action, here, there has been no clear statutory intent to supplant the common law cause of action.").

■ The common law establishes a guarantor's obligation to assume a defense or to pay the reasonable expenses relating to a claim made in connection with the covenant of seisin or title. "A party . . . is entitled to recover of the covenantor all reasonable costs attending a litigation of the question of title." *Drew v. Towle*, 30 N.H. 531, 537 (1855); *see also Kennison v. Taylor*, 18 N.H. 220, 221-22 (1846) ("For the breach of [a deed's warranty covenants], the plaintiff is entitled to recover the price of the land, which he has paid, his expenses in defending the action upon which he was evicted, including counsel fees among those necessary expenses, and a reasonable remuneration for his personal pains and trouble in the matter."); Groetzinger, *Breach of the Warranty Covenants in Deeds and the Allowable Measure of Damages*, 17 N.H.B.J. 1, 11-12 (1975) ("When the vendor has notice and fails to defend a suit against a covenantee by a third party, the expenses incurred in defending the suit, with interest thereon from the date of payment may be added to damages awarded the covenantee.").

■ The two cases the defendant cites in support of her contrary argument do not compel a different result. She relies first upon *Willson v. Willson*, 25 N.H. 229 (1852). *Willson* is distinguishable because the issue there was whether damages could include the increase in the value of the disputed land subsequent to the sale, rather than whether damages could include an award of litigation costs. The other case that the defendant cites, *Winnipiseogee Paper Co. v. Eaton*, 65 N.H. 13 (1888), supports our conclusion that attorney's fees are properly awarded here. "The rule of damages upon the breach of these [warranty deed] covenants is the consideration paid and interest from the date of conveyance, *with the cost of suit attending eviction.*" *Winnipiseogee Paper Co.*, 65 N.H. at 14 (emphasis added; citations omitted).

In alleging error by the trial court in awarding attorney's fees, the defendant also relies upon the trial court's use of the heading, "DAMAGES" in its order. However, in its narrative under the heading, the trial court clarified that the amount awarded constitutes the plaintiffs' costs of defense, including attorney's fees, and, as discussed above, correctly required the defendant to indemnify the plaintiffs for these costs in connection with the Porters' claim. Therefore, we uphold the trial court's award of indemnification amounts, which it labeled "damages," in the amount of the plaintiffs' costs of suit and attorney's fees.

The defendant also asks us to consider whether RSA 477:27 authorizes the award of costs independent of a potential claim for loss of title damages. RSA 477:27 mandates four separate covenants on the part of the grantor: (1) "that, at the time of the delivery of such deed, the grantor was lawfully seized in fee simple of the granted premises"; (2) "that the said premises were free from all incumbrances, except as stated"; (3) "that the grantor had good right to sell and convey the same to the grantee, heirs, successors and assigns"; and (4) " that the grantor will . . . warrant and defend the same to the grantee and heirs, successors and assigns, against the lawful claims and demands of all persons." The fourth covenant requires the grantor to warrant and defend "the same," that is, the clear title and right to convey set forth in the first three covenants. The statute is silent, however, as to the extent to which a plaintiff must allege damage flowing from breach of the predicate covenants to support a claim for breach of the covenant to defend. We therefore look to the common law in this area. *See Wenners,* 140 N.H. at 103.

In the indemnification context, where the indemnitor declines to defend against the original claim, then "the indemnitee will only be required to show *potential liability to the original plaintiff* in order to support his claim over against the indemnitor." *Morrissette,* 114 N.H. at 389 (citation omitted; emphasis added). The plaintiffs' writ declaration includes an allegation that they "face the potential of the loss of the property and quiet enjoyment of same," invoking the first three covenants. Thus, the defendant's argument that the plaintiffs failed to assert a "damage" claim, and that "[t]his is an admission that the [Porters'] claim was not lawful and there was no actionable breach of warranty," is not supported by the record. We note that this appeal is limited to the trial court's summary judgment order on defense costs. The trial court did not address the merits of any claim for defective title damages and that issue is not before us.

In summary, by conveying the property by warranty deed, the defendant assumed the responsibility to either defend the title to the property or indemnify the plaintiffs for their reasonable expenses in doing

so. Her failure to take on the defense against a lawful title claim, despite repeated requests, results in her responsibility to pay the plaintiffs their reasonable litigation expenses, including attorney's fees.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and HICKS, JJ., concurred.