**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0650, <u>Thomas A. Tardif v. Belknap County Convention</u>, the court on June 8, 2018, issued the following order:**

Having considered the briefs, memorandum of law, and limited record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Thomas A. Tardif, appeals the order of the Superior Court (<u>Ignatius</u>, J.) denying his request for injunctive relief against the respondent, Belknap County Convention, for alleged violations of RSA 91-A:2, II (Supp. 2017) and RSA 24:9-d (Supp. 2017) relating to the adequacy of April 2016 meeting notices. The respondent cross appeals, arguing that the trial court erred in denying its request for attorney's fees.

The record shows that the City of Laconia issued a notice of Belknap County Commission meetings for April 2016. The notice listed four meeting dates and times, all at the same location. Below the listing, in a section marked "Other," the notice stated, "The Board may also be in attendance at the following meetings," listing four additional designated dates, times, and places for additional meetings in April. The meetings on the first two of the four additional dates, April 4 and April 6, were recessed due to the absence of a quorum. A quorum was present on the third date, April 8, and at the April 8 meeting, the respondent approved two monetary transfer requests and a collective bargaining agreement. The petitioner argues that the actions taken at the April 8 meeting were null and void for lack of proper notice.

RSA 91-A:2, II provides that, with exceptions not relevant here, a public body's notice must be posted in two places, "one of which may be the public body's Internet website, if such exists, or shall be printed in a newspaper of general circulation." RSA 24:9-d provides that notice of a county convention must be published "at least 7 days before the day of the meeting in a newspaper of general circulation in the county."

The petitioner does not argue that notice of the April 4 meeting was defective. As he concedes, there was a March 23 newspaper notice of the April 4 meeting. However, he asserts that there were no newspaper notices for the April 6 and April 8 meeting dates, and that the April 8 meeting could not have been a recess or continuation of the April 4 meeting because no quorum

was present on April 4 to validly commence the meeting or to recess or continue the meeting. He also argues that RSA 91-A:2, II does not allow the respondent to meet its notice requirements by having the City of Laconia give notice of the respondent's meetings, and that RSA 24:9-d requires notice by mail and does not allow for internet notice. Thus, the petitioner argues, the actions taken on April 8 were null and void for lack of proper notice.

RSA 91-A:8, III (2013) provides that "[t]he court may invalidate an action of a public body or public agency taken at a meeting held in violation of the provisions of [RSA chapter 91-A], if the circumstances justify such invalidation." (Emphasis added.) We have construed this language to mean that the decision whether to invalidate action taken at an improperly noticed meeting is within the trial court's sound discretion. See Lambert v. Belknap County Convention, 157 N.H. 375, 381 (2008). To show that the trial court unsustainably exercised its discretion, the petitioner must demonstrate that the court's ruling was clearly untenable or unreasonable to the prejudice of his case. Foley v. Wheelock, 157 N.H. 329, 332 (2008). We have similarly declined to invalidate an action of a county convention for improper notice under RSA 24:9-d absent a showing of prejudice. See Cheshire v. Keene, 114 N.H. 56, 59 (1974).

Accordingly, even if we assume, without deciding, that notice of the April 8 meeting was defective, we will nevertheless affirm the trial court's order if the record supports its finding that the petitioner failed to demonstrate prejudice. See Hull v. Grafton County, 160 N.H. 818, 823 (2010). The trial court found that the petitioner failed to demonstrate prejudice because he and the public were informed of the dates, times, and places that the respondent would meet, and that everyone in attendance at the April 4 meeting was informed that the meeting was being continued. The court found that the petitioner, in fact, attended the April 8 meeting during which business was conducted. The court found that the notice satisfied the goals of transparency and public access to the workings of government.

It is the burden of the appealing party, here the petitioner, to provide this court with a record sufficient to decide his issues on appeal. See Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004); see also Sup. Ct. R. 13(2). The petitioner failed to provide this court with a transcript of the November 16, 2016 evidentiary hearing on his petition. Absent a transcript of the hearing, we must assume the evidence was sufficient to support the trial court's findings. See Atwood v. Owens, 142 N.H. 396, 396 (1997).

The trial court also denied the petitioner's requests for other forms of injunctive relief. The decision whether to grant injunctive relief is within the trial court's sound discretion. Foley v. Wheelock, 157 N.H. at 332. The court found that injunctive relief was not warranted because the respondent made

2

"no attempt to conduct business outside the presence of the petitioner or the public at large or to conduct business at a place or time that the public could not easily locate." We assume the evidence was sufficient to support the trial court's findings and discern no legal error. See Atwood v. Owens, 142 N.H. at 396. We cannot conclude that the court unsustainably exercised its discretion in denying the request for equitable relief. See Foley v. Wheelock, 157 N.H. at 332.

In its cross-appeal, the respondent argues that the trial court erred in denying its request for attorney's fees under the standards set forth in RSA 91-A:8, II (2013), Harkeem, and Superior Court Rule 11(d). The petitioner counters that this issue is not preserved because the respondent failed to file a motion for reconsideration in the trial court. To the extent that the respondent argues that the trial court applied an incorrect standard in its order denying the respondent's request for attorney's fees, we agree that the issue is not preserved. See Super. Ct. Civ. R. 12(e); N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). However, to the extent that the respondent argues that the court erred in concluding that an award of attorney's fees is not warranted under the applicable standards, we conclude that no motion for reconsideration was necessary and that the issue is preserved.

Pursuant to RSA 91-A:8, II, "[t]he court may award attorney's fees to a public body . . . for having to defend against a lawsuit under the provisions of [RSA chapter 91-A], when the court finds that the lawsuit is in bad faith, frivolous, unjust, vexatious, wanton, or oppressive." The Harkeem standard is substantially similar. See Harkeem v. Adams, 117 N.H. 687, 691 (1977). Pursuant to Superior Court Rule 11(d), the court may award attorney's fees against any party whose frivolous or unreasonable conduct makes necessary the filing of, or hearing on, any motion.

The trial court found the petitioner to be "exacting, persistent and, at times, 'nit-picking,'" but concluded that his claims in this case were not frivolous or brought for the purpose of harassment. We will defer to the trial court's findings regarding attorney's fees unless they are unsupported by the evidence or erroneous as a matter of law. N.H. Right to Life v. Dir., N.H. Charitable Trusts Unit, 169 N.H. 95, 126 (2016).

The respondent asserts that an award of attorney's fees is warranted because the petitioner's claims are frivolous. We disagree. The respondent's method of giving notice — publishing a single electronic notice listing multiple dates and times during which it "may also be in attendance," together with a single newspaper notice listing only the first of such meeting dates — differs from notice methods we have previously considered. The record supports the trial court's finding that the petitioner's challenges to the adequacy of the notice were reasonable. The fact that the petitioner has filed a number of

3

allegedly frivolous lawsuits against various municipal entities over the past twenty years does not compel a different conclusion.  <u>See</u> <u>id</u>.

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**